IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEINER STEAKHOUSE, LLC DBA STEINER RANCH STEAKHOUSE, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CAUSE NO. 1:20-CV-858-LY |
| AMCO INSURANCE COMPANY, | § § § | |
| DEFENDANT. | § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Steiner Steakhouse, LLC dba Steiner Ranch Steakhouse ("Steiner Steakhouse"), a local steak restaurant, sues Defendant Amco Insurance Company ("Amco"), a national insurance company, for losses sustained during the COVID-19 pandemic. Steiner Steakhouse brings causes of action for breach of contract, breach of the duty of good faith and fair dealingDecember 30, 2020, and noncompliance with the Texas Insurance Code (Tex. Ins. Code §§ 541.060–.061, 542.055–542.060 (regarding unfair settlement practices and prompt payment of claims)), urging insurance coverage for "actual loss of business income" caused by "direct physical loss of or damage to the property" and "action of civil authority that prohibits access to" the property. Amco moves to dismiss for failure to state a claim under Rule 12(b)(6), arguing that Steiner Steakhouse's alleged losses are not covered by either provision, and in any event, are barred by exclusion clauses for "virus or bacteria," "acts or decisions," and "loss of use." Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

When ruling on a motion to dismiss a complaint, the court accepts as true all of the factual allegations contained in the complaint.[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 589 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). An attachment to a complaint is a part of the complaint for all purposes. Fed. R. Civ. P. 10(c). The court has reviewed the complaint and the attachments to the complaint, which include government suspension orders related to the COVID-19 pandemic, the insurance policy Steiner Steakhouse bought from Amco that was effective between November 21, 2019 and November 21, 2020, and the insurance claim Steiner Steakhouse made to Amco on March 18, 2020.

Steiner Steakhouse, a restaurant located in the City of Austin, Travis County, Texas, has been subject to several government suspension orders limiting its operations since March 2020. On March 11, 2020, the World Health Organization identified COVID-19 as a pandemic. According to the Centers for Disease Control and Prevention, a pandemic is a global outbreak of disease. Subsequently, Texas Governor Greg Abbott issued a Declaration of State Disaster as a result of COVID-19. He prohibited gatherings of 10 or more people, and ordered all "non-essential" businesses to close between April 2 and April 30. But he encouraged the use of drive-thru, pickup, or delivery. Likewise, the Mayor of the City of Austin, Steve Adler, ordered food establishments to close common dining areas open to the public until May 1, but encouraged them to provide take-away or delivery food service designed to limit exposure between individuals. Mayor Adler also prohibited gatherings of 10 or more people.

---

[1]The live complaint in this case is Plaintiff's First Amended Original Complaint (Doc. 6). For simplicity, the court will refer to it as the "complaint."

Steiner Steakhouse states that government suspension orders, including these, caused it to lose business income. It submitted a claim to Amco Insurance, who it says denied the claim without an investigation. Steiner Steakhouse originally brought this suit in state court. Shortly before moving to dismiss, Amco removed the case to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1446.

## STANDARD

When evaluating whether to dismiss a complaint for failure to state a claim, a well-known "tenet [is] that a court must accept as true all of the factual allegations contained in a complaint." *Twombly*, 550 U.S. at 589; Fed. R. Civ. P. 12(b)(6), 8(a). But this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Texas law governs this dispute. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding federal courts must apply the forum state's substantive law in a diversity action); *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010). Under Texas law, a court interprets an insurance policy using the same well-established standards that govern the construction of any written contract. *Id.*; *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). These contract-interpretation standards are familiar. *Pan Am Equities, Inc. v. Lexington Ins. Co.*, 959 F.3d 671, 674 (5th Cir. 1995). A court's analysis is confined to the four corners of the policy itself. *Page*, 315 S.W.3d at 527. The court considers the express language of the policy, giving effect to each word, clause, and sentence to avoid making any provision within the policy inoperative. *Id.*

3

The "paramount rule" of contract-interpretation, however, is that courts enforce unambiguous policies as written, reviewing policies as drafted, not revising them as desired. *Pan Am Equities, Inc.*, 959 F.3d at 674. Determining whether a policy is ambiguous is a pure legal question. *Id.* A term is not ambiguous "merely because different parties—or different judges—offer conflicting interpretations." *Id.* And an ambiguity is more than lack of clarity. *Id.* A policy is only ambiguous if, giving effect to all provisions, its language is susceptible to more than one reasonable interpretation. *Id.* If, doing so, a provision is susceptible to more than one reasonable interpretation, "Texas law has consistently held that . . . the court must interpret that provision in favor of the insured, so long as that interpretation is reasonable." *In re Deepwater Horizon v. Transocean Offshore Deepwater Drilling, Inc.*, 728 F.3d 491, 499 (5th Cir. 2013). "The court must do so even if the insurer's interpretation is *more* reasonable than the insured's—in particular, exceptions or limitations on liability are strictly construed against the insurer and in favor of the insured." *Id.* (emphasis in original) (internal quotation marks omitted). "This rule favoring the insured derives, in part, from the 'special relationship between insurers and insured arising from the parties' unequal bargaining power.'" *Id.* It "hearkens to the doctrine of *contra proferentem*, which construes any ambiguities against the drafter, and the 'sophisticated insured exception,' which may apply when the policy is in some way negotiable . . . ." *Id.*

## ANALYSIS

Steiner Steakhouse seeks indemnity for losses sustained during the COVID-19 pandemic under a breach-of-contract theory. It also sues Amco for breach of the common-law duty of good faith and fair dealing, and for noncompliance with the Texas Insurance Code. Tex. Ins. Code §§ 541.060–.061 (unfair settlement practices), 542.055–542.060 (prompt payment of claims).

## I. BREACH-OF-CONTRACT CLAIM

Steiner Steakhouse argues that two separate provisions entitle it to insurance coverage, provisions regarding "physical loss of or damage to" the property and "action of civil authority that prohibits access to" the property. Amco argues that neither provision applies and, in any event, that all losses are barred by exclusion clauses regarding "virus or bacteria," "acts or decisions," and "loss of use."

### A. Coverage for Physical Loss of Property

The policy insures property loss or damage, providing:

> We will pay for the actual loss of "business income" you sustain due to the necessary suspension of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

The parties dispute the meaning of the phrase "direct physical loss of or damage to property," with Steiner Steakhouse insisting the phrase is ambiguous. The policy defines "property damage" as (a) "physical injury to tangible property" and (b) "loss of use of tangible property that is not physically injured." But the policy does not define "direct physical loss," so both parties rely on its plain meaning. Specifically, Amco argues that a "direct physical loss" requires a "distinct, demonstrable, physical alteration of the property" under state law. According to Steiner Steakhouse, however, property *loss* cannot be synonymous with property *damage*, the latter of which is defined as "physical injury" and "loss of use." Although "physical injury" and "loss of use" may be ways of demonstrating "direct physical loss," Steiner Steakhouse argues, a "direct physical loss" is not predicated on either circumstance because the word "or" indicates an alternative. Instead, the restaurant claims that its inability to provide indoor dining fits within the plain meaning of "loss."

5

However, the court holds that the phrase "direct physical loss of or damage to property" is not ambiguous. Amco's interpretation is the only reasonable interpretation under Texas law. *In re Deepwater Horizon*, 728 F.3d at 499. Although the insurance policy does not define "physical loss or damage," the term has a legally established meaning—a "distinct, demonstrable, physical alteration of the property." STEVEN PLITT ET AL., COUCH ON INS. § 148:46 (3d ed. 2005) (cited in *Hartford Ins. Co. of Midwest v. Miss. Valley Gas Co.*, No. 05-60299, 181 Fed. App'x 465, 470 (5th Cir. May 25, 2006) (unpublished)); *see also Trinity Indus. Inc. v. Ins. Co. of North Am.*, 916 F.2d 267, 270–271 (5th Cir. 1990); *Sultan Hajer v. Ohio Sec. Ins. Co.*, 2020 WL 7211636, at *2 (E.D. Tex. Dec. 7, 2020). "The language 'physical loss or damage' strongly implies that there was an initial satisfactory state that was changed by some external event into an unsatisfactory state." *See Hartford Ins.*, 2006 WL 1489249, at *5 (holding policy did not cover monetary losses under Texas law absent some physical manifestation of loss or damage) (citing *Trinity Indus.*, 916 F.2d at 270–271 (holding arbitration award did not qualify as physical loss or damage)).

Although the Fifth Circuit has yet to interpret the phrase "physical loss or damage" in the context of the COVID-19 pandemic, at least one district court applying Texas law denied coverage for "direct physical loss of or damage to property" because there was no "distinct, demonstrable, physical alteration of the property." *Sultan Hajer*, 2020 WL 7211636, at *3. The court explained: a "regulation prohibiting people from patronizing a business is not a tangible alteration to property." *Id.* (citing *Diesel Barbershop v. State Farm Lloyds*, 2020 WL 4724305, at *5 (W.D. Tex. Aug. 13, 2020) (interpreting narrower phrase "direct physical loss"); *Hartford Ins.*, 2006 WL 1489249; *Trinity Indus.*, 916 F.2d at 270–271); *but cf. Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 2020 WL 6578417, at *6 n.7 (W.D. Tex. Oct. 26, 2020) (declining to interpret phrase "direct physical loss of

or damage to property" where, as here, insurance policy defined "property damage" as "physical injury" and "loss of use.").

Likewise here, there is no coverage for "direct physical loss of or damage to property" because there is no "distinct, demonstrable, physical alteration of the property." Although Steiner Steakhouse may have suffered monetary losses, consumers may have avoided Steiner Steakhouse out of fear, and levers of government may have suspended Steiner Steakhouse's indoor dining business, none of these theories of recovery articulate a physical loss that is cognizable in Texas. Steiner Steakhouse does not argue that the presence of the coronavirus that causes COVID-19 physically altered its surfaces or airspace. *But cf. Essex Ins. Co. v. BloomSouth Flooring Corp.*, 562 F.3d 399, 406 (1st Cir. 2009) (holding odor constituted "physical injury" to property, within coverage for "property damage"). In fact, Steiner Steakhouse denies this ("Plaintiff alleges loss during the COVID-19 outbreak and because of the state and federal stay-home Orders, not because a virus has infected or enveloped its property."). Steiner Steakhouse instead argues that it suffered monetary losses; but "a loss of money" is not a physical loss of covered property under *Hartford Insurance*, 2006 WL 1489249, at *5 (reversing summary judgment that favored insured). Steiner Steakhouse further argues that fear kept patrons away, but fear is an intangible emotion—not a "distinct, demonstrable, physical alteration" to covered property, as required by *Trinity Industries*, 916 F.2d at 270–271. And even if indoor dining was suspended, Steiner Steakhouse was still encouraged to use the property to provide take-away or delivery food service. *See Diesel Barbershop*, 2020 WL 4724305, at *5 (holding lost use of property due to COVID-19 pandemic or related government orders did not constitute direct physical loss such that it may be the basis for an insurance claim for loss of business income). Steiner Steakhouse's claim that consumers stayed away

of their own volition, or in obedience to government orders, causing it to lose business income, does not qualify as "physical loss or damage" in Texas. Thus, there is no coverage under this provision.

## B. Coverage for Action of Civil Authority

Amco also insured Steiner Steakhouse against civil action, providing:

> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and
>
> (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Put differently, this provision applies if damage to a neighboring property within one mile of the insured property prompts a civil action, such as a civil action prohibiting access to the insured property and granting unimpeded access to the neighboring property. *Sultan Hajer*, 2020 WL 7211636, at *3 (interpreting identical provision under Texas law).

Steiner Steakhouse argues that the government suspension orders—including Governor Abbott's executive order declaring COVID-19 to be a "disaster"—coupled with the general threat of viral transmission constitute "damage to [neighboring] property" under the civil-authority provision. Amco argues that civil-authority coverage does not apply because no order "prohibit[ed]" access to Steiner Steakhouse, considering the use of drive-thru, pickup, and delivery was allowed and encouraged.

8

Here, too, the provision is not ambiguous. Steiner Steakhouse is not entitled to civil-authority coverage for two simple reasons. First, the insurance policy plainly requires there be a "damaged property" that is within one mile of the insured property. *See id.* The damaged property must be "[an]other" property, one that is distinct from the insured property. But Steiner Steakhouse does not identify a particular site of damage; it does not suggest that a nearby property was contaminated with the coronavirus that causes COVID-19. Instead, Steiner Steakhouse argues that "damage to property" includes the *general threat* of viral transmission at any location (including its own restaurant) where people congregate, in light of the actual existence of COVID-19 in Travis County and the desire to mitigate further spread. However, in *South Texas Medical Clinics*, the court denied civil-authority coverage because the government's evacuation orders were a response to the "anticipated threat" of a hurricane, rather than a response to property damage that had already occurred nearby. *South Tex. Med. Clinics, P.A., v. CAN Financial Corp.*, 2008 WL 450012, at *10 (S.D. Tex. Feb. 16, 2008) (not reported).

Second and relatedly, the damage to property must precede the action of civil authority, which is "taken in response to" the damage. There must be some nexus—some "causal link"—between the neighboring property and the civil action. *Dickie Brennan & Co. v. Lexington Ins.*, 636 F.3d 683, 686–687 (5th Cir. 2011); *see also Sultan Hajer*, 2020 WL 7211636, at *3; *S. Tex. Med. Clinics,* 2008 WL 450012, at *10. There can be no causal link between the neighboring property and the civil action here, because no neighboring property was identified at all, let alone neighboring property where the anticipated threat of COVID-19 was realized *before* the civil action was taken. The provision "requires the physical damage to prompt the act of civil authority, not the other way around." *Sultan Hajer*, 2020 WL 7211636, at *4. Steiner Steakhouse

9

has identified no civil action that succeeded damage to a readily identifiable, neighboring property. Therefore, civil-authority coverage does not apply.

## II.     EXTRA-CONTRACTUAL BAD-FAITH AND STATUTORY CLAIMS

Steiner Steakhouse's extra-contractual claims for breach of the duty of good faith and fair dealing and violation of the Texas Insurance Code are each premised on Amco's alleged failure to pay benefits in accordance with the insurance policy. However, there is generally no bad-faith cause of action when an insurance claim was *not* covered by the policy. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). For an insured to recover on a bad-faith insurance claim when the insurer has promptly denied coverage for the claim, the insured must demonstrate that the insurer has committed an injury independent of the policy claim. *Id.*; *Vizza Wash*, 2020 WL 6578417, at *8. Similarly, an insured cannot recover damages based on the insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an independent injury caused by the insurer's conduct. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018); *Vizza Wash*, 2020 WL 6578417, at *8.

Amco's policy does not cover Steiner Steakhouse's alleged losses. Thus, Amco's denial of Steiner Steakhouse's claim cannot serve as the basis of Steiner Steakhouses's extra-contractual causes of action, unless Steiner Steakhouse has alleged an independent injury against Amco. In this case, Steiner Steakhouse has failed to plausibly allege any injury that is independent of Amco's alleged failure to pay benefits under the insurance policy. Nor does Steiner Steakhouse's response attempt to specifically explain how its extra-contractual claims are independent of its contract claim ("Because the Plaintiff has pled valid and plausible claims for coverage and breach of contract, the claims for violations of the Texas Insurance Code and breach of the duty of good faith and fair

dealing are likewise valid and plausible."). Thus, Steiner Steakhouse's extra-contractual claims will be dismissed.

## III. REQUEST TO AMEND

Steiner Steakhouse requests an opportunity to file an amended complaint to cure any pleading deficiencies. Because the court has determined that there is no coverage for Steiner Steakhouse's alleged losses as a matter of Texas law, any attempt to amend the complaint would be futile. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (holding district court may properly deny leave to amend where proposed amendment would be futile because it could not survive a motion to dismiss). Accordingly, Steiner Steakhouse's request to amend the complaint will be denied.

## CONCLUSION

**IT IS ORDERED** that Amco's Motion to Dismiss the complaint (Doc. 10) is **GRANTED**. Steiner Steakhouse's First Amended Complaint (Doc. 6) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Steiner Steakhouse's motion to amend the complaint is **DENIED**.

SIGNED this 30th day of December, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

11